UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ANALOGIC CORPORATION and
BK MEDICAL SYSTEMS, INC.,

       Plaintiffs                10-CV-3801 (SJ)

       v.

<u>ORDER ADOPTING
REPORT AND
RECCOMENDATION</u>

MARQUIS CLEARANCE SERVICES, LTD,
       Defendant.
--------------------------------------------------X

A P P E A R A N C E S:

LAW OFFICES OF BERNARD D'ORAZIO, P.C.
100 Lafayette Street
Suite 601
New York, NY 10013-440
By:    Bernard D'Orazio
Attorney for Plaintiffs

JOHNSON, Senior District Judge:

On August 08, 2010, Analogic Corp. ("Analogic") and BK Medical Systems ("BK") (collectively "Plaintiffs") filed this action against defendant Marquis Clearance Services, Ltd. ("Defendant" or "Marquis"). Analogic manufactures specialized diagnostic ultrasound systems through its subsidiary BK, and previously retained Marquis to act as custom broker for its imports. Plaintiffs now seek damages in connection with Marquis' fraudulent billing of Plaintiffs for custom duties Marquis never actually paid to U.S. Customs. On November 22,

2010, this Court referred Plaintiffs' motion for default judgment to Magistrate Judge Andrew L. Carter Jr. for a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B), on whether the motion should be granted and, if necessary, appropriate relief. On June 06, 2011, Magistrate Carter issued an R&R recommending that the default motion be granted and that Plaintiffs be awarded damages in the amount of $1,188,886.97 plus interest at the rate of nine percent per annum commencing on February 19, 2010.

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sect'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.1989).

In this case, Marquis did not file any objections to the R&R despite expiration of the deadline for so filing. However, the individual owner and principal of Marquis, Gregory Manuelian ("Manuelian"), who is currently serving a 24-month term of imprisonment following his indictment in the United States District Court for the District of Massachusetts in connection to this customs fraud, filed a <u>pro se</u> objection to the R&R. The Second Circuit has long required that corporations appear through licensed attorneys and may not appear <u>pro se</u>. <u>Jones v. Niagara Frontier Transp. Authority</u>, 722 F.2d 20, 22 (2d. Cir. 1983). This Court, accordingly, need not consider Manuellian's improper objection to the R&R.

Upon review of the Report and Recommendation, this Court adopts and affirms Magistrate Carter's recommendations. Plaintiff's default judgment motion is hereby GRANTED and Plaintiff is awarded damages in the sum of $1,188,886.97. The Clerk of the Court is directed to enter judgment for Plaintiff in this amount.

SO ORDERED.

Dated: September 02, 2011  _____/s/_____
Brooklyn, New York  Sterling Johnson, Jr., Senior, U.S.D.J.